IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| MARJORIE A. CREAMER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SMITH COUNTY SHERIFF )<br>DEPARTMENT, KAREN BORTZ, )<br>CHRIS LINNEMAN, CHAD MEYER, )<br>)<br>Defendants. ) | Case No. 11-4066-WEB |

Memorandum and Order

Plaintiff Marjorie A. Creamer filed this civil rights and disability rights[1] action against Smith County Sheriff's Department (hereafter Smith County). Karen Bortz[2], Chris Linneman, and Chad Meyer are named as additional defendants, however, they were not served with a copy of the Complaint. Smith County has filed a Motion to Dismiss (Doc. 8).

I. Facts

The allegations in the Complaint are disjointed, and the Court will attempt to set them out in a cohesive manner. Creamer alleges that there was a cover-up by Smith County law enforcement in 2004 of police misconduct and lies. In February 2007 there was a hit and run, and the Court believes that Creamer is alleging that she was the victim and the driver was never charged criminally. Creamer also alleges that she was the victim of an assault and misconduct,

---

[1] Creamer's Complaint is not exactly clear as to the cause of action. She marked that jurisdiction was founded on Title VII, ADA, and the Civil Rights Act of 1964. On the Civil Cover Sheet, she marked the nature of the suit was a tort act based in assault, libel, or slander; American with Disabilities; and Civil Rights.

[2] The Court is unsure if this name is spelled correctly as the Complaint is handwritten and hard to read.

which constitutes a violation of her Civil Rights. Creamer alleges that she was arrested for trying to protect her name and reputation after the police failed to report her computer stolen. It appears that Creamer is alleging this occurred in 2011. Creamer further alleges that after seven years of abuse by the Smith County Sheriff's Department, she been charged with a misdemeanor offense, instead of the real abuser. Finally, Creamer alleges that Joleen Howell harassed her and no charges were filed.

A search of court files shows that Creamer has filed other cases based on the same subject matter. In 2007, in the District Court of Colorado, Creamer filed a case titled <u>Creamer v. Smith Center</u>, which was dismissed for failure to comply with Fed.R.Civ.P. 8, which requires the Complaint to include a statement of jurisdiction, a statement of the claim, and the relief requested. 2007 WL 1395286 (D.Colo. 2007). In 2009, Creamer filed a cause of action against Smith Center Police Department. <u>Creamer v. Ellis County Sheriff Dep't</u>, 2009 WL 1870872 (D.Kan. 2009). Specifically, Creamer alleged that Smith Center and Linneman covered up a rape in 2004, and Smith Center, Bortz and Linneman failed to issue a citation to a driver following a hit and run in 2007. Judge Robinson ruled as follows:

> Although § 1983 allows suits against individual state officials who have violated their constitutional rights, that statute rejects the tort principle of *respondeat superior* and does not subject municipalities to vicarious liability for the acts of their employees; municipal taxpayers are liable only for the municipality's own misdeeds. Plaintiff has not alleged any specific misdeeds by the Smith County Police Department, and her claims against that defendant are dismissed. Defendants argue that plaintiff's claim regarding the alleged 2004 cover up should be dismissed because it is barred by the statute of limitations. An action brought under 42 U.S.C. § 1983 is subject to state law on statutes of limitations. The Tenth Circuit has "concluded as a matter of federal law that all section 1983 claims should be characterized as actions for injury to the rights of another." Under K.S.A. § 60-513(a)(4), a two-year statute of limitations period applies to action arising from injury to the rights of another. An action shall not be deemed to have accrued until the act giving rise to the cause of action first

> causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act.  Here, plaintiff alleges a cover up for possible rape in 2004.  Although plaintiff does not specify the circumstances or victim of the rape, the Court will construe plaintiff's complaint as applying to herself as the victim of the cover up.  Accordingly, plaintiff's alleged injury was reasonably ascertainable sometime in 2004, giving her until 2006 to file a lawsuit under Kansas's applicable two-year statute of limitations.  Plaintiff's complaint was not filed until October 2008, years after the applicable limitations period had expired, her claim for the alleged action by these defendants in 2004 is now time barred.
>
> In addition, plaintiff's claims for conspiracy under 18 U.S.C. § § 241 and 371 must be dismissed.  Those statutes are criminal statutes and do not create a private right of action.
>
> Defendants also argue that plaintiff's second allegation fails to state a claim.  The Court agrees.  Plaintiff alleges that defendants Bortz and Linneman failed to give a citation to a driver involved in a hit and run incident, presumable with plaintiff.  Plaintiff cites K.S.A. § 8-2106, which deals with the procedure for issuing traffic citations.  That statute does not create a private cause of action for damages and plaintiff may not invoke it to impose civil liability of defendants.  Moreover, plaintiff's allegations against defendants are simply too vague and unspecific to establish a plausible constitutional violation.  This claim is also dismissed. (Citations excluded).  Id. at *6.

In the case at hand, it appears that Creamer is attempting to bring the same claims against the Smith County Sheriff's Department.  As discussed below, Creamer's claims fail for the same reasons as stated by Judge Robinson.

II. Standard of Review

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991)).  Furthermore, "all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party."  Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).  Documents attached to the complaint are

considered as part of the pleadings. Tal v. Hogan, 453 F.3d 1244, 1264 n. 24 (10th cir. 2006).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must look for "plausibility in the complaint." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). Under this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The possibility that plaintiff could prove some facts in support of the pleaded claims is insufficient; the court must believe the plaintiff has a reasonable likelihood of showing factual support for the claims. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). The plaintiff must "nudge his claims across the line from conceivable to plausible" in order to survive a motion to dismiss. Bell Atlantic Corp. at 1974. The Court notes that Creamer is a pro se plaintiff, and the Court will liberally construe the Complaint. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

III. Discussion

Smith County requests dismissal of the claims based on several different arguments. First, Smith County argues that a county sheriff's department does not have the capacity to be sued. Smith County also argues that claims based on conduct that occurred in 2004 and 2007 are barred by the statute of limitations. Finally, Smith County argues that to the extent that Creamer is attempting to file a state law claim based in tort, she failed to comply with the requirements of K.S.A. 12-105b(d).

Creamer argues that the civil rights violations have been continuously occurring, including the allegation that Smith County did nothing when she was a victim of actions by abuser Howard L. Ellis and his ex-girlfriend Joleen Howell. Creamer also responds that this is

an ADA action as she is a disabled person suffering from PTSD.  Creamer argues that charges were never filed by Smith County when she was a victim of an attempted rape.  Finally, Creamer argues that her rights were violated when she was jailed without reason.

As discussed by Judge Robinson, Creamer's claims that are based on conduct that occurred more than two years prior to the filing of the case are barred by the statute of limitations.  The claims based on conduct alleged to occurred in 2004 or 2007 are barred by the statute of limitations.

The only claim that remains is the claim that a violation of civil rights occurred in June 2011 when Creamer alleges she was arrested for trying to protect her name and reputation.  Creamer does not provide any further details to establish a constitutional violation by the officers.  For the Smith County Sheriff's Department to be held liable, Creamer must establish that the Sheriff's Department's policies or customs are the cause or the "moving force" behind the underlying constitutional deprivation.  Myers v. Oklahoma County Bd. Of County Comm'rs, 151 F.3d 1313, 1317 (10th Cir. 1998).  A plaintiff shows governmental liability pursuant to § 1983 if evidence is presented (1) that a municipal employee committed a constitutional violation; and (2) a municipal policy or custom was the moving force behind the constitutional deprivation.  Id. at 1317.   A Sheriff's Department may also be held liable for decisions made by officials who have authority under state law to speak as a final decision makers on a particular issue.  Ireland v. Jefferson County Sheriff's Dept., 193 F.Supp.2d 1201, 1226 (D.Colo. 2002), citing Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989).

Creamer has not alleged that a sheriff's department employee committed a constitutional violation.  First, Creamer has to identify the employee, which she has not done.  Creamer has

named three additional defendants, but has not provided any information besides their names, and it is unknown whether they are employees of the Sheriff's Department.  Second, Creamer must allege facts in the Complaint that would lead the Court to conclude the plaintiff has a reasonable likelihood of showing factual support for the claims. Creamer has not included sufficient facts for this Court to conclude that there is any support for the claim.  Finally, Creamer must identify a municipal policy or custom that was the moving force behind the constitutional deprivation.  Creamer has not alleged any facts addressing a custom or policy of the Sheriff's Department.

A county or sheriff cannot be held "liable for constitutional violations where there was no underlying constitutional violation by any of its officers."  Olsen v. Layton Hills Mall, 312 F.3d 1304, 1317-18 (10th Cir. 2002).  Creamer has not set forth any facts upon which this Court could conclude that there was a constitutional violation.  Creamer's remaining claim is dismissed.

The Court notes that Creamer named "Karen Bortz, Chris Linneman, Chad Meyer, etal" as additional defendants in the Complaint.  A review of the record shows the three defendants were not served.  Furthermore, as discussed previously in this Order, the facts alleged by Creamer fail to identify a constitutional violation, the employee that committed a constitutional violation, or a policy in the department which is a moving force behind the alleged constitutional violation.  Since Creamer is a pro se plaintiff, normally the Court would allow her to file an amended Complaint before dismissing the case.  However, "the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint."  Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006).  Furthermore, Creamer has already litigated her claims and now three Courts have determined

that her claims should be dismissed. The Court will not allow her to amend her complaint, and the case will be dismissed against all defendants.

IV. Conclusion

IT IS THEREFORE ORDERED that Smith County Sheriff's Departments's Motion to Dismiss (Doc. 8) be granted.

IT IS FURTHERED ORDERED that all named defendants are dismissed, and the Clerk of the Court shall enter judgment accordingly.

IT IS SO ORDERED this 20th day of October, 2011.

*/s/ Wesley E. Brown*

Wesley E. Brown
Senior United States District Court Judge