IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

MARJORIE A. CREAMER,              )
                                 )
                Plaintiff,       )
                                 )
        v.                       )        Case No. 11-4066-WEB
                                 )
SMITH COUNTY SHERIFF             )
DEPARTMENT, KAREN BORTZ,         )
CHRIS LINNEMAN, CHAD MEYER,      )
                                 )
                Defendants.      )

Memorandum and Order

Plaintiff Marjorie Creamer alleges civil rights violations and violations of the American

with Disabilities Act.  Her case was dismissed as the claims were barred by the statute of

limitations, and she failed to state a claim upon which relief could be granted.  Creamer was not

given an opportunity to file an amended complaint since the Court found her pleadings frivolous

and determined that amendment would not cure the deficiencies.  Creamer has now filed a

Motion for Reconsideration.  (Doc. 21).  Finding no grounds to alter or amend the judgment and

no grounds to grant relief from judgment, the motion is denied.

District of Kansas Local Rule 7.3 provides that "[P]arties seeking reconsideration of

dispositve orders or judgments must file a motion pursuant to Fed.R.Civ.P. 59(e) or 60."

D.Kan.Rule 7.3.  Rule 59(e) allows the court to alter or amend a judgment "only to correct

manifest errors of law or to present newly discovered evidence."  Phelps v. Hamilton, 122 F.3d

1309, 1324 (10th Cir. 1997).  Creamer's motion does not allege that the court committed a

manifest error of law.  Creamer provided the court with the Standard Offense Report from a

police report filed on June 16, 2011 which was not provided with her complaint.  But, this is not

newly discovered evidence, as Creamer filed her case on June 29, 2011.  Even if it was new

evidence, it does not change the Court's prior decision dismissing the case.

Rule 60 provides relief from a judgment or order when the court makes a clerical mistake

or an oversight, Fed.R.Civ.P. 60(a); or relief based on six grounds set forth in Fed.R.Civ.P.

60(b).  Relief under Rule 60(b) must be extraordinary and may only be granted in exceptional

circumstances.  Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440

(10th Cir. 1990).  The six grounds in Rule 60(b) are (1) mistake, (2) newly discovered evidence,

(3) fraud, (4) the judgment is void, (5) the judgment is satisfied or based on an earlier judgment

that is reversed, or (6) any other reason that justifies relief.  Fed.R.Civ.P. 60(b).  Creamer's

motion continues to litigate events of 2004 and 2007, events that are barred by the statute of

limitations.  Creamer also includes a discussion of her computer that was stolen in 2011.  But,

Creamer does not set forth any information to show the factors in Rule 60(b) are applicable and

an avenue for relief.  As stated above, Creamer has not set forth new evidence.  Neither has she

established a mistake, fraud, or any other reason that justifies relief.  Simply stated, Creamer is

using the Motion to Reconsider as a vehicle to relitigate her claims, which is not allowed by the

Rules of Civil Procedure.

Creamer has not alleged that the court committed a manifest error of law, has not

established that there is new evidence, and has not set forth any facts which would allow the

Court to find extraordinary relief is necessary.  Creamer's Motion to Reconsider (Doc. 21) is

denied.

The Court notes that Creamer has filing restrictions imposed in case 11-4028-CM, and

recognizes that Creamer has a history of filing motions even after a case is closed.  This Court

2

will not consider another motion for reconsideration, and will impose filing restrictions if additional motions are filed.

IT IS SO ORDERED this 22nd day of November, 2011.

Wesley E. Brown
Senior United States District Court Judge