IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

MARJORIE A. CREAMER,            )
                                )
        Plaintiff,            )
                                )
v.                              )   Case No. 11-4066-WEB
                                )
SMITH COUNTY SHERIFF            )
DEPARTMENT, KAREN BORTZ,        )
CHRIS LINNEMAN, CHAD MEYER,     )
                                )
        Defendants.           )

Memorandum and Order

    Marjorie Creamer's Complaint against Smith County Sheriff Department and other individually named defendants was dismissed as the claims were barred by the statute of limitations, or because she failed to state a claim for relief. (Doc. 19). Creamer filed a Motion for Reconsideration which was denied. (Doc. 25). Creamer was warned in the Court's Order that additional filings in a closed case would result in filing restrictions. In response, Creamer filed three new motions.

    Filing restrictions which are carefully tailored are appropriate to curtail a "lengthy and abusive" litigation history. Guttman v. Widman, 188 F. App's 691, 698 (10th Cir. 2006). Three conditions must be met before the Court can impose filing restrictions: (1) the Court must set forth the litigant's lengthy and abusive history, (2) the Court must provide guidelines as to what the litigant must do to obtain permission to file an action, and (3) the litigant must receive notice and an opportunity to oppose the order before it is implemented. Id., citing Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989).

    The Court noted Creamer's history of filing motions in cases after a final judgment was

entered. The Court warned Creamer in the Order denying her Motion for Reconsideration that further filings in this case would result in filing restrictions. In response, Creamer filed three motions. The first motion requests relief from judgment, the second motion requests the place of trial to be held in Topeka Kansas, and the third motion mentions due process violations and the failure of the defendants to file an answer. Because Creamer has disregarded the Court's prior warnings and continues to file frivolous motions in a closed case, filing restrictions are appropriate. The Court makes the following order:

> Creamer is prohibited from filing another document in this action, Case No. 11-4066-WEB, unless she is represented by counsel.
>
> Creamer may only file a pro se document after she provides a notarized affidavit that verifies with particularity how the contemplated filing entitles her to relief. The affidavit must provide notice of the restriction and must provide a copy of the proposed filing as an exhibit.
>
> Upon compliance with the above stated requirements, the Court will review the affidavit and the proposed filing to determine whether it should be accepted for filing.
>
> If Creamer attempts to file any document that fails to comply with these restrictions, the Clerk of the Court is directed not to accept and / or file the document.

Creamer shall have 10 days from the date of this order to file written objections to the proposed filing restrictions. If no objections are filed, the filing restrictions will take effect ten days from the date of this order. If objections are filed, the filing restrictions will not take effect unless and until the Court has ruled on the objections. Once the restrictions are in effect, future modifications of the restrictions are subject to the discretion of the Court.

The pending motions (Doc. 26, 27, 28) are dismissed.

IT IS SO ORDERED this 2nd day of December 2011.

                                    Wesley E. Brown
                                    United States Senior District Court Judge

y

IT IS SO ORDERED this 2nd day of December 2011.

Wesley E. Brown
United States Senior District Court Judge