IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| MARJORIE A. CREAMER,           ) | |
|                                ) | |
|           Plaintiff,           ) | |
|                                ) | |
| v.                             ) | Case No. 11-4066-WEB |
|                                ) | |
| SMITH COUNTY SHERIFF           ) | |
| DEPARTMENT, KAREN BORTZ,       ) | |
| CHRIS LINNEMAN, CHAD MEYER,    ) | |
|                                ) | |
|           Defendants.          ) | |

Memorandum and Order

The Defendants' Motion to Dismiss was granted by this Court on October 20, 2011, and Creamer's Motion for Reconsideration was denied on November 22, 2011. On December 2, 2011, Creamer filed a notice of appeal. Creamer also filed a Motion for Leave to Appeal in forma pauperis. To proceed IFP on appeal, Creamer "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). "A party who was permitted to proceed in forma pauperis in the district court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court... certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." Fed.R.App.P. 24(a)(3). In this case, at the district court level, Creamer was allowed to proceed IFP as it was determined she was unable to pay the costs of the action. (Doc. 4).

The Court must also comply with Section 1915, as "[A]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §

1915(a)(3).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  This Court ruled that the statute of limitations barred litigation of events that occurred in 2004 and 2007.  The Court also ruled that Creamer did not set forth any evidence that the factors in Rule 60(b) provided an avenue for relief on the claims that were not barred by the statute of limitations.  When a litigant makes arguments that are contrary to settled law without a reasoned argument for modification of the law, or when the litigant cannot make a rational argument on the law or the facts of the case in support of an appeal, IFP status can be denied.  <u>DeBardeleben</u>, 937 F.2d at 505.  Since Creamer's case was dismissed based on well settled law, and on the failure to allege facts to state a case, the court finds that an appeal is frivolous, and Creamer's Motion for Leave to Appeal in forma pauperis (Doc. 31) is denied.

      It is so ordered this 10th day of January, 2012.

      Wesley E. Brown
      U.S. District Court Judge